WOODARD, Judge,
dissenting.
I must respectfully dissent from the majority view. In the case sub judice, there were completely different versions of how the accident happened; namely, who crossed the center line. That which tipped the scales was the overwhelming evidence — especially physically evidence, the testimony of the investigating officer, and the testimony of the accident reeonstructionist — all supporting defendant’s version and negating plaintiff’s. There appears to be no rational basis for choosing to believe plaintiff. Thus, at the very least, I would assign fifty (50%) percent fault to plaintiff.
Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination.
Rosell v. Esco, 549 So.2d 840 (La.1989) at 844r45.
Additionally, the majority finds no abuse of discretion with the award afforded plaintiff. I disagree.
Plaintiff basically had an emergency room visit, a visit to his physician, pain medication and was released. Plaintiff testified his symptoms had subsided within three to four months. The loss of consortium claim is supported by Ms. Juneau’s testimony that for this time period she did not have his help around the house, their relationship was strained, and she was angry about the accident. I would diminish both awards considerably.